# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| STEPHEN W. HENSLEY, SR, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Case No. 3:18cv00223 |
| vs. | : | |
| | : | District Judge Thomas M. Rose |
| COMMISSIONER OF THE SOCIAL | : | Magistrate Judge Sharon L. Ovington |
| SECURITY ADMINISTRATION, | : | |
| | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATIONS[1]

This case is before the Court upon a Motion for Allowance of Attorney Fees filed by Plaintiff's counsel (Doc. No. 14), the Commissioner's Response (Doc. No. 15), Plaintiff's counsel's Reply (Doc. No. 16), and the record as a whole. Plaintiff's counsel seeks an award of $14,000.00 in attorney fees under 42 U.S.C. § 406(b)(1). "[T]he Commissioner requests that the Court determine an appropriate fee for counsel's services." (Doc. No. 15, PageID No. 1034).

## I.

Before this case began, Plaintiff and his counsel entered into a written contingency-fee agreement. The agreement documented Plaintiff's agreement to pay attorney fees in the amount of 25% of any lump sum award for past-due social-security benefits payable to Plaintiff and his dependents. The agreement also documented counsel's willingness to work

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.

on a contingency-fee basis. This resulted in counsel's acceptance of the risk he would recover zero attorney fees in the event Plaintiff received no past-due benefits. *See* Doc. No. 14, PageID No. 988.

As the case proceeded, the Court granted the parties' Joint Motion to Remand and Judgment was entered accordingly. On remand, the Social Security Administration awarded past-due benefits to Plaintiff and withheld from those benefits $27,813.50 for payment of attorney fees. *Id*. at 981, 991.

Plaintiff has two dependents. On September 16, 2020, the Administration issued a Notice explaining that auxiliary benefits had been awarded to one of his dependents and that $6,943.50 had been withheld from those benefits for payment of attorney fees. *Id*. at 981, 996. As to his other dependent, Plaintiff did not receive a similar Notice from the Administration. Yet the Administration informed Plaintiff on October 21, 2020 that it had withheld a total of $41,700.00 for payment of attorney fees from the past-due benefits of Plaintiff and his family. *Id*. at 982, 999. This total amount reflects that the Administration had granted benefits to Plaintiff and each of his two dependents. This is seen by adding the amounts withheld from each for payment: $41,700.50 = $27,813.50 + $6,943.50 + $6,943.50[2]

**II.**

Section 406(b) authorizes this Court to award attorney's fees when a plaintiff brings a successful challenge to the Social Security Administration's denial of his or her application for benefits. *See Damron v. Comm'r of Soc. Sec.*, 104 F.3d 853, 856 (6th Cir. 1997). The award may not exceed 25% of the past-due benefits that the plaintiff received as a result of

---

[2] The Administration rounded down by $.50 in Plaintiff's favor.

2

the successful challenge. *See id*.; *see also* 42 U.S.C. § 406(b)(1).

To succeed under § 406(b), the plaintiff's counsel must show, and the court must affirmatively find, that the contingency fee sought—even one within the 25% cap—is reasonable for the services rendered. *Gisbrecht v. Barnhart,* 535 U.S. 789, 807 (2002); *see Lasley v. Comm'r of Soc. Sec*., 771 F.3d 308, 309 (6th Cir. 2014). Section 406(b) "does not displace contingent-fee agreements" but instead "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht,* 535 U.S. at 807.

To determine whether an award under § 406(b) is reasonable, a ceiling-floor approach guides the way. The ceiling is § 406(b)'s 25% cap, which "accords a rebuttable presumption of reasonableness to contingency agreements that comply with § 406(b)'s 25%-cap." *Lasley*, 771 F.3d at 309. The floor is "[the] hypothetical rate that is twice the standard rate for such work in the relevant market." *Hayes v. Sec'y of Health & Human Servs*., 923 F.2d 418, 422 (6th Cir. 1991). "'[A] hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable ...'" *Lasley*, 771 F.3d at 309 (quoting *Hayes*, 923 F.2d at 421). Courts may consider arguments attacking the rebuttable presumption of reasonableness that attaches to awards above the double-the-standard-rate floor and below the 25% statutory ceiling. *Id*.

"Reasonableness" remains the heart of the matter. And care must be taken to consider the presumption a rebuttable—not a strict—presumption of reasonableness. *Lasley*, 771 F.2d at 309 (noting, "*Gisbrecht* ... elides strict presumptions altogether."). Reducing a sought-after award is warranted to avoid a windfall to counsel especially "'[i]f the benefits are large in comparison to the amount of time counsel spent on the case ....'" *Id*. at 310 (quoting

3

*Gisbrecht*, 535 U.S. at 808).

### III.

Plaintiff's counsel presently seeks approval of a $14,000.00 award of attorney fees from the funds withheld from Plaintiff's and his dependents' past-due benefits. He calculates that given his 19.55 hours of work on this case in this Court, his hypothetical hourly rate would be $716.11. (Doc. No. 14, PageID 983-84). Counsel also points out that subtracting the previously granted EAJA award ($2,920.00) would reduce his out-of-pocket expenses to $11,080.00 ($14,000.00 - $2,920.00). This, in turn, would leave him with an hourly rate of $566.75.

The Commissioner contends that the amount of Plaintiff's counsel's requested hypothetical hourly rate—when compared with the lesser amounts awarded in certain previous cases in the Southern District of Ohio—would result in a windfall to counsel and "should be reduced to some extent." (Doc. No. 15, PageID 1034).

What "standard rate" applies here? This straightforward question becomes somewhat gnarled by the reality that nearly all social-security attorneys accept cases on a contingency-fee basis. "Accordingly, these attorneys have no documented 'standard' hourly rate." *Lee v. Comm'r of Soc. Sec.*, 3:14cv291, 2018 WL 2999909, at *2 (S.D. Ohio 2018) (Rice, D.J.) (citing *Ringel v. Comm'r of Soc. Sec.*, 295 F. Supp. 3d 816, 829 (S.D. Ohio 2018); *Scappino v. Comm'r of Soc. Sec.*, No. 1:12-cv-2694, 2015 WL 7756155, at *3 (N.D. Ohio Dec. 1, 2015)).

Dividing Plaintiff's requested hypothetic hourly rate by two results in the standard hourly rate of $358.06 ($716.11 ÷ 2 = $358.05). This is slightly above the range—$210 to

$350—of hourly billing rates for social-security attorneys in 2013, according to an Ohio State Bar Associate survey conducted in 2013. *See Lee*, 3:14cv291, 2018 WL 2999909, at *4. Doubling this estimated high-end rate of $350.00 in this range to $700.00 reveals that the hypothetical hourly rate counsel seeks (again, $716.11) is slightly more than the hypothetical maximum rate and just above the *per se* reasonable rate. *See Lasley*, 771 F.3d at 309.

Yet the total fee award Plaintiff's counsel requests—$14,00.00—is not a windfall to her. Although it is slightly higher than the *per se* a reasonable hypothetical hourly rate of $700.00, it less than or very close to the hypothetical hourly rates permitted in a number of well-reasoned decisions in this District. *See, e.g., Miles v. Comm'r of Soc. Sec.*, No. 1:16-cv-44- 2019 WL 5485220, at *3 (S.D. Ohio, 2019), Report & Recommendation (Litkovitz, M.J.), *adopted*, 2019 WL 6131268 (2019) (Dlott, J.) ("hourly rate of $714.29 does not exceed the amounts typically awarded in such cases and does not constitute a windfall to plaintiff's counsel."); *Jodrey v. Comm'r of Soc. Sec.*, No. 1:12-cv-725, 2015 WL 799770, at *3-4 (S.D. Ohio 2015) ), *adopted,* 2015 WL 1285890 (2015) (Barrett, J.) (approving hypothetical hourly rate of $700); *Havens v. Comm'r of Soc. Sec.*, No. 2:12-cv-637, 2014 WL 5308595, at *2 (S.D. Ohio Oct. 16, 2014) Report & Recommendation (Kemp, M.J.), *adopted*, 2014 WL 6606342 (2014) (Smith, J.) (approving hypothetical hourly rate of $750.00); *Metz v. Comm'r, Soc. Sec. Admin.*, 2014 WL 1908512, at *1-2 (S.D. Ohio 2014) (Black, J.) (approving hypothetical hourly rate of $780.25); *Pickett v. Astrue*, 2012 WL 1806136, at *2 (S.D. Ohio 2012) (Black, D. J.) (approving hypothetical hourly rate of approximately $709). Plaintiff's counsel, moreover, filed a skillful Statement of Errors that led to a joint remand for further administrative proceedings. On remand he secured significant awards of benefits (including

5

past-due benefits) for Plaintiff and his two dependents. And, the 19.55 hours Plaintiff's counsel documented in his billing records is a reasonable amount of work in this case. *Spiller v. Comm'r of Soc. Sec.*, 940 F.Supp.2d 647, 652 (S.D. Ohio 2013) ("Without establishing a firm, bright line rule, the Court surveyed a large number of EAJA fees/costs petitions recently filed in this District, and found the general range of time expended on these cases is 15–25 hours."). For these reasons, the proposed hypothetical hourly rate in this case ($711.32) and the total amount of attorney fees counsel seeks do not constitute a windfall to Plaintiff's counsel.

The Commissioner contends that in *Ringel v. Comm'r of Soc. Sec.*, 295 F.Supp.3d 816, 819 (S.D. Ohio 2018) (Barrett, J.; Bowman, M.J.), "the Court found that more than $600 per hour would be a windfall despite the fact that an award of $600 per hour was significantly less than 25% of past-due benefits." (Doc. No. 15, PageID 1033 (citing *Ringel*, at 838-39)). *Ringel*, however, did not mandate an hourly rate of $600 or hold that a higher rate would be a windfall. Instead, the Court in *Ringel* concluded that the requested the "extraordinarily high hourly rate, effectively $1,371 per hour," *id*. at 821, would constitute a windfall to the plaintiff's counsel. The Court therefore considered a number of guideposts that justified reducing the hourly rate to $600. *Id*. at 828-42. Additionally, *Ringel* was decided more than two years ago. It is neither surprising nor unreasonable that the hourly rate Plaintiff's counsel seeks is higher than the $600 rate applied in *Ringel* due to inflation and the financial resources needed to successfully practice law.

Accordingly, Plaintiff's counsel's Motion for Allowance of Attorney Fees is well taken.

## IT IS THEREFORE RECOMMENDED THAT:

1. The Motion for Allowance of Attorney Fees filed by Plaintiff's counsel (Doc. No. 14) be GRANTED, and the Commissioner be directed to pay Plaintiff's attorney fees pursuant to 42 U.S.C. § 406(b) in the total amount of $14,000.00;

2. Plaintiff's counsel be directed to pay Plaintiff the amount of attorney fees—$2,920.00—previously awarded him under the Equal Access to Justice Act  (Doc. No. 13); and,

3. The case remain terminated on the docket of this Court.

January 13, 2021                                             *s/Sharon L. Ovington*
                                                             Sharon L. Ovington
                                                             United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *see also United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).